UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Pauline Crosby, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 4439 |
| Mercantile Adjustment Bureau, LLC, a New York limited liability company, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
|    Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Pauline Crosby, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3.    Plaintiff, Pauline Crosby ("Crosby"), is a citizen of the State of Georgia, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Washington Mutual ("WaMu"), despite the fact that she was represented by

the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois

4. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Mercantile operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Mercantile is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State, attached as Exhibit A.

6. Defendant Mercantile is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit B.

7. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, which act as debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt which it had its agent, Defendant Mercantile, attempt to collect from Ms. Crosby.

8. Defendant LVNV is a bad debt buyer that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect via other collection firms, like Defendant Mercantile.

9. Defendant LVNV is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State, attached as Exhibit C.

10. Defendant LVNV is licensed to act as collection agencies in Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit D.

**FACTUAL ALLEGATIONS**

11. Ms. Crosby is a senior citizen, with limited assets and income, who fell behind on paying her bills, including her WaMu credit card. At some point in time, after that debt became delinquent, it was sold to Defendant LVNV, which then hired Defendant Mercantile to collect it. When Defendants began trying to collect the WaMu/LVNV debt from Ms. Crosby, by sending her an initial form collection letter, dated January 13, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit E.

12. On February 25, 2010, one of Ms. Crosby's attorneys at LASPD informed Defendants, in writing, that Ms. Crosby was represented by counsel, and directed Defendants to cease contacting her and to cease all further collection activities because Ms. Crosby was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Despite being advised that Ms. Crosby was represented by an attorney and had directed that collections cease, on April 13, 2010, Defendants wrote to Ms. Crosby and demanded that she pay them the WaMu/LVNV debt. A copy of this collection letter is attached as Exhibit G.

14. Accordingly, on June 7, 2010, Ms. Crosby's LASPD attorney had to send Defendants another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit H.

15. Although Defendants' initial form collection letter (Exhibit E) stated that Resurgent Capital Services had purchased Ms. Crosby's debt, that statement was false – the debt had been purchased by Defendant LVNV.

16. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Plaintiff's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendants knew that Plaintiff was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Crosby (Exhibit F). By sending Ms. Crosby another collection letter, demanding payment of the WaMu/LVNV debt (Exhibit G), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692g(a)(2)
### Failure To Effectively Identify The Creditor

26. Plaintiff adopts and realleges ¶¶ 1-17.

27. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, Mercantile must provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

28. Defendants' form collection letter leaves anyone, let alone the unsophisticated consumer, with no idea as to who the creditor actually is – LVNV or Resurgent. Accordingly, Defendants' January 13, 2010 letter (Exhibit E) fails to advise Ms. Crosby effectively of the name of current creditor, in violation of § 1692g(a)(2) of the FDCPA.

29. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692e Of The FDCPA - Making False Statements

30. Plaintiff adopts and realleges ¶¶ 1-17.

31. Section 1692e of the FDCPA prohibits Defendant Mercantile from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

32. Defendants' form collection letter references to two different entities as the possible creditor -- without any explanation of the relationship between them. Defendant's listing of two different possible creditors is a false, deceptive or misleading statement, in violation of § 1692e of the FDCPA.

33. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Pauline Crosby, prays that this Court:

1. Find that Defendants', Mercantile's and LVNV's, debt collection actions violated the FDCPA;

    2.      Enter judgment in favor of Plaintiff, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Pauline Crosby, demand trial by jury.

                                                Pauline Crosby,

                                                By: /s/ David J. Philipps
                                                One of Plaintiff's Attorneys

Dated: July 16, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com